Wanack v. Michels.

*Reversed and remanded.*

---

## Tobias Wanack v. Peter Michels.

114 631
a215s 87

1. CONTRIBUTION—*when equity will not decree.* Equity will not decree contribution in favor of one tort-feasor and against another.

2. TORT-FEASORS—*plaintiff's right to elect as between.* A party tortiously injured has the right at his election to sue one or more of the persons responsible for such injury, and no one of such tort-feasors can successfully complain in equity that such plaintiff elected not to seek his remedy against another of such tort-feasors because of collusion with him.

Proceeding to enforce contribution. Appeal from the Circuit Court of Christian County; the Hon. TRUMAN E. AMES, Judge, presiding.

Heard in this court at the November term, 1903. Affirmed. Opinion filed June 28, 1904.

R. M. POTTS and J. E. HOGAN, for appellant.

F. P. DRENNAN and J. C. & W. B. McBRIDE, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

Tobias Wanack filed this bill averring that C. L. Wanack obtained a license to keep a dram-shop in Taylorville, in Christian county, and that complainant, Tobias Wanack, and one Basil Wanack were sureties on his bond as such dram-shop keeper; that said defendant, Michels, was the owner in fee of the premises in which C. L. Wanack conducted his dram-shop business and that Michels knew that the premises were used for that business, and that intoxicating liquor was sold there, and that he leased the same to C. L. Wanack for that purpose; that at the November term, 1897, of said Circuit Court, Dora Alexander, widow, and others, children of John Alexander, recovered a judgment in the sum of $2,000 against C. L. Wanack and Peter Michels, jointly sued as dram-shop keeper and owner as above stated, in an action under the statute, charging the sale of liquors by C. L. Wanack to said John Alexander, by which he became intoxicated and fell from his wagon and was killed; that at the November term, 1898, of said court, the plaintiffs in said judgment sued the complainant, Tobias Wanack, upon said bond, setting up in their declaration the facts above stated and that said judgment against said C. L. Wanack and Peter Michels had not been paid, or any part thereof; that in said last named suit a judgment was recovered against complainant, Tobias, for $2,000; that both of said judgments had been appealed by the defendants therein and had been affirmed; that execution was issued against complainant and he was compelled to pay the said judgment rendered against him; that said C. L. Wanack and Basil Wanack were at the time of commencement of said suits and ever since have been insolvent and nothing could have been or could be collected from

either of them; that said Michels at the time said judgment was rendered against him was and ever since has been and now is solvent, and the owner of large property above his indebtedness and of the value of $30,000; that plaintiffs colluded with said Michels and refused to collect the judgment from said Michels, and at his instigation they prosecuted the suit and obtained said judgment against complainant and collected the same from complainant "in order to relieve said Michels from payment of the said judgment and his *pro rata* share of said amount as co-surety by operation of law with your orator herein; that at the time said judgment was obtained from your orator he was a co-surety with the said Michels of the said C. L. Wanack, they being equally liable and bound for the debt or the miscarriage of the said C. L. Wanack, as principal, who was engaged in the keeping of the said dram-shop as aforesaid, and that the statute of the State of Illinois, through the Dram-Shop Act, has made the said Peter Michels liable as the owner of said building for the debt or miscarriage of the said C. L. Wanack, the same as that of Tobias Wanack, who entered into the bond aforesaid;" that complainant has paid said judgment against him and costs, and $1,000 in addition "in defending said suit, in protecting himself and said Michels from greater and further liability," and that Michels refuses to pay his *pro rata* share, to wit, $1,584.91.

The bill prays that Michels may be required "to contribute his *pro rata* share of said indebtedness paid by your orator on account of the suretyship of your orator and the said Peter Michels of the said C. L. Wanack as aforesaid," and for general relief.

A general demurrer to the bill was sustained by the court, and complainant electing to stand by his bill, the suit was dismissed.

Does the bill state a case authorizing the interposition of a court of equity? Do the averments of facts contained in the bill show the relation of co-sureties to exist between the complainant and defendant at all, and if so, is that re-

lation shown to be such as justifies and requires the court to apply the principle of contribution? It appears clear to us that there is nothing in the bill to indicate that relation. The complainant's theory is manifested by the quotation from his bill last above named, that is, that Michels was surety for C. L. Wanack by virtue of the statute, and complainant was such surety by virtue of his bond, and hence they were co-sureties. Michels was in no sense a surety for C. L. Wanack. Both of them were wrong-doers, jointly and severally, and as such they were sued; one was as much liable as the other; they were joint and several tortfeasors, as much so as in an action for trespass, in which both had taken some part. The plaintiffs Alexander could have sued Michels alone or C. L. Wanack alone, or both of them, and a half-dozen other dram-shop keepers, if such they were, who had sold John Alexander intoxicating liquors which contributed to produce the intoxication which caused his death. Equity does not lend its aid to wrongdoers. If Michels had been compelled to pay the judgment obtained against him and C. L. Wanack, a court of equity would not trouble itself to adjust his burden between him and his fellow-defendant. Michels would not be heard to say that he was surety for C. L. Wanack even if there had been an agreement between them in most solemn form for that purpose; equity leaves them wherever their wrongful acts have placed them; it will not open its portals for the adjustment of their supposed equities; there are no equities among law-breakers.

But it is argued that the judgment was against C. L. Wanack and Michels, and that by collusion between plaintiffs and Michels the money was not made from Michels, though he was abundantly able to respond, and that complainant was sued in order to relieve Michels. The plaintiffs resorted to those means of redress which the law gave them; they were not required to adjust any burdens among the parties responsible to them; they could have sued the complainant in the first instance and made the money from him alone; they could have sued C. L. Wanack and Michels

and Tobias Wanack each separately and collected one-third from each, if they could, and chose so to do; but they were by no means required to do so. This complainant has paid just what he undertook to pay by his bond, voluntarily entered into. If Michels has escaped, that may be called his good fortune, but it is no ground of complaint by this complainant. There was no relation of principal and surety between C. L. Wanack and Michels; there was no relation of co-surety between this complainant and Michels; the demurrer was properly sustained and the decree will be affirmed.

*Affirmed.*